# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES NELSON                                                                              PETITIONER
ADC # 134962

VS.                                    NO. 5:06CV00279 BD

LARRY NORRIS, Director,
Arkansas Department of Correction                                                         RESPONDENT

## ORDER

Petitioner filed a petition and amended petition for writ of habeas corpus (#2, #6) challenging his state court conviction. Petitioner bases his habeas petition on claims of prosecutorial misconduct, ineffective assistance of counsel, and a claim that his crimes should not have been charged as separate offenses. Respondent filed a response (#19) to the amended petition asserting that Petitioner failed to properly raise any of his claims for relief in state court.

After reviewing the response, the Court entered an order (#20) requesting that Petitioner show cause for his alleged failure to properly raise his claims before the state court or show that failure to consider his claims would result in fundamental miscarriage of justice. Petitioner responded with evidence that he is incarcerated in the Arkansas Department of Correction (#26), a motion to appoint counsel (#27), two notices of a change of address (#30, #32), and two motions for copies (#29, #31).

A federal habeas petition must be dismissed if a petitioner tries to raise grounds in federal court which he did not raise properly in state court unless he had a good reason for

failing to do so. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has had an opportunity to show "cause" for his failure to raise his claims in state court but has not done so. Respondent admits that Petitioner filed a post-conviction petition claiming ineffective assistance of counsel, but the petition was denied and Petitioner did not appeal the denial. Petitioner has not offered any explanation for why he did not raise his other claims in his post-conviction petition or appeal the denial of claims he did raise in his post-conviction petition. Moreover, Petitioner does not claim he has been prejudiced by the constitutional violations or that failure to consider his claims would result in a fundamental miscarriage of justice. See *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

IT IS, THEREFORE, ORDERED that Petitioner's petition for writ of habeas corpus (#2) and amended petition for writ of habeas corpus (#6) be DISMISSED WITHOUT PREJUDICE. Petitioner's motion for order (#18), motion to appoint counsel (#27), motion for copies (#29), and motion for copies (#31) are DENIED as moot.

DATED this 12th day of March, 2007.

_____
United States Magistrate Judge